IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BILLY G. ASEMANI, #339-096 | * | |
| Plaintiff | * | |
| v. | * | Civil Action Case No. RDB-09-238 |
| MR. CHRONISTER, Corrections Officer, et al. | * | |
| | * | |
| Defendants | | |

* * *

## MEMORANDUM OPINION

Pending is Billy G. Asemani's (Asemani) Complaint filed pursuant to 42 U.S.C. §1983. Asemani, who is proceeding *pro se*, is presently an inmate at the Western Corrections Institution. Counsel for Defendants Chad Chronister, Robert Webster, Robin Parks, Usheka Davis, and Wendy Joseph, corrections officers at the Eastern Correctional Institution (ECI), move for dismissal or summary judgment. Defendants rely on materials beyond the scope of the Complaint, and their motion shall be construed as one for summary judgment pursuant to Fed R. Civ. P. 56. After careful consideration of the pleadings, exhibits, and applicable law, the Court determines that a hearing is unwarranted and Defendants are entitled to summary judgment.

## PLAINTIFF'S CLAIMS

Asemani's allegations arise from his incarceration at ECI. He complains that on January 25, 2009, he was issued a notice of infraction for a crack in his cell window. The following day, January 26, 2009, he was issued a notice of infraction for refusing to report to his prison job as a library aide.[1] He subsequently lost his job as a result.

Asemani claims the disciplinary infractions were disguised retaliatory acts

---

[1] Asemani indicates that he earned ten days of "good conduct" credit for every month of work completed.

"manufactured" against him for filing a lawsuit[2] which alleged he was receiving inadequate mental health treatment at ECI. Complaint, pp. 2 and 4.

Asemani also alleges that Officer Usheka Davis refused to allow him out of his cell to report to his library position. He claims Officer Robin Parks compelled him on one occasion to leave the library. Additionally, he claims Lieutenant Robert Webster denied him the library job, refused him permission to use the library, and prevented him on February 24, 2009, from obtaining his pain medication. Asemani requests damages, reinstatement of his library job, credit for "good conduct" time he would have earned as a library aide, and an injunction to prevent retaliation.[3]

## BACKGROUND

Defendant's verified exhibits demonstrate that on January 25, 2009, Officer Chad Chronister noticed a nickel-sized crack from inside Asemani's cell window. Asemani did not have a cellmate. On October 24, 2008, Asemani had signed an inspection sheet indicating the window was undamaged. Asemani was issued a notice of infraction for damaging security equipment. At the time of the incident, Asemani was employed in the inmate library as an aide.

On January 26, 2009, Asemani failed to report for work. He informed Officer Robin Parks that he was not going until his January 25, 2009 infraction went to a hearing. Officer Fiddermon called Asemani's housing unit to check on Asemani's absence. Sergeant Wendy Joseph told Officer Fiddermon that Asemani refused to report to work until his infraction was heard. Officer Fiddermon issued a notice of infraction for refusing to report to work.

---

[2]  *See Assemani v. Puller, et al.*, Civil Action No. RDB-08-3387 (D. Md).

[3]  Asemani's transfer to the Western Correctional Institution renders his claims for injunctive and declaratory relief moot.


An adjustment hearing was held on March 5, 2009.   The infractions were combined and an incident report was issued.  Asemani was terminated from his library job and received thirty days of disciplinary segregation.

Officer Usheka Davis attests that she cannot recall refusing to permit Asemani to report to the library.  Exhibit 5.   Officer Park states that on February 24, 2009, she ordered Asemani to return to his cell after he became disruptive while in the library.  Lieutenant Webster attests he did not prevent Asemani from receiving his medication.

## DISCUSSION

### Notices of Infraction

In order to state a cause of action under 42 U.S.C. § 1983, a violation of a federal constitutional right or law must be alleged.  *See West v. Atkins*, 487 U.S. 42 (1988).  Prisoners do not have a constitutional right to access programs or to be housed in one prison versus another. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224(1976).

Asemani's  complaint fails to state a federally cognizable cause of action.  Asemani was not sanctioned with loss of good-time credits to implicate due process.  Further, there is no constitutional entitlement to a particular prison job. *See Altizer v. Paderick*, 569 F.2d 812 (4th 1978); *Adams v. James*, 784 F. 2d 1077-1079 (11th Cir. 1986).   Assignment to disciplinary segregation does not implicate a due process liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995);  *Beverati v. Smith*, 120 F.3d 500, 502-04 (4th Cir. 1997).

### Retaliation Claim

Retaliation claims require an inmate to state facts sufficient to demonstrate that the alleged retaliatory act "was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1995). Additionally, an inmate must demonstrate that he suffered some adverse impact or actual injury. *See ACLU of Md., Inc. v. Wicomico County, Md*., 999 F.2d 780, 785 (4th Cir. 1993). Asemani's attempt to state a retaliation claim based on termination of a prison job or a thirty-day assignment to disciplinary segregation is unavailing because no constitutional right is implicated. Asemani's conclusory allegations of retaliation are insufficient.

### Denial of Access to Court Claim

Asemani's claim that he was ordered to leave the library on one occasion for disruptive behavior and denied library access on another day do not amount to deprivation of constitutional magnitude. Asemani fails to demonstrate that he suffered actual prejudice to his ability to proceed with a particular claim, or that the two incidents hindered his efforts to pursue his legal claims. *See Lewis v. Casey*, 518 U.S. 343, 351. Notably, even if Asemani had presented facts sufficient to show that adverse action was taken against him for the exercise of a constitutional right, which he has not, he has failed to show that any action allegedly taken in reprisal chilled his legal activity.

### Denial of Medication Claim

Asemani complains that Lieutenant Webster prevented him from obtaining a prescription for the pain reliever acetaminophen. Plaintiff's Exhibits 7, 8, 9 and 12. Asemani acknowledges that acetaminophen, an ingredient in Tylenol, is also available over-the-counter at the prison

4

commissary although not at prescription strength.  Paper No. 9.  Asemani claims Webster told medical providers that Asemani should purchase the medication from the commissary.

Defendants raise Plaintiff's failure to exhaust administrative remedies as an affirmative defense.  The Prison Litigation Reform Act (PLRA), codified at 42 U.S.C. §1997e(a), provides that no action shall be brought by a prisoner with respect to prison conditions under 42 U.S.C. §1983 or any other federal law until he has exhausted available administrative remedies. *See Booth v. Churner*, 532 U.S. 731, 741, (2001); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (noting that the purpose of the PLRA is to give the facility the opportunity to resolve the alleged injury before court involvement). Failure to exhaust all levels of administrative review is not "proper exhaustion," and will bar actions filed by inmates under any federal law, including § 1983. *Woodford v. Ngo*, 548 U.S. 81 (2006).  It is uncontroverted that Asemani failed to present his concerns through the administrative remedy process. Accordingly, the claim must be dismissed.

## CONCLUSION

For the above stated reasons, Defendants' Motion for Summary Judgment will be granted.  An Order consistent with this Memorandum Opinion follows.

<u>September 21, 2009</u>                              <u>/s/                                                          </u>
Date                                                            RICHARD D. BENNETT
                                                                     UNITED STATES DISTRICT JUDGE